COTTLE v. THOMPSON

[123 N.C. App. 147 (1996)]

———————————

AMY K. COTTLE, Plaintiff v. LAWRENCE K. THOMPSON, III, M.D., DURHAM PLASTIC SURGERY ASSOCIATES, INC., and WALTER J. LOEHR, M.D., Defendants

No. COA95-1132

(Filed 2 July 1996)

**Pleadings § 15 (NCI4th); Process and Service § 35 (NCI4th)— request for statement of monetary relief sought—request not filed—dismissal for failure to respond—error**

A request for a statement of monetary relief sought is not a discovery document excluded from the filing requirement of Rule 5 and is therefore a paper that must be filed with the court either before service or within five days thereafter; therefore, in this case where no request was ever filed with the court, the trial court erred in dismissing plaintiff's action for failing to file a statement of monetary relief sought. N.C.G.S. § 1A-1, Rules 5(d), 8(a)(2).

**Am Jur 2d, Pleading §§ 28 et seq.; Process §§ 1-11.**

Appeal by plaintiff from order entered 7 June 1995 by Judge Orlando F. Hudson in Durham County Superior Court. Heard in the Court of Appeals 23 May 1996.

COTTLE v. THOMPSON

[123 N.C. App. 147 (1996)]

On 21 February 1995, plaintiff, acting *pro se*, filed her summons and complaint alleging, *inter alia*, that she was injured as a result of defendant Loehr's negligence. Earlier, plaintiff had filed a similar lawsuit with benefit of counsel, but then had taken a voluntary dismissal without prejudice pursuant to Rule 41(a). In response to plaintiff's present complaint, defendant Loehr, on 24 March 1995, filed and served his answer accompanied by interrogatories, a motion for a discovery scheduling conference and a motion to dismiss pursuant to Rule 12(b)(6). On this date, defendant Loehr also allegedly served a request for a statement of monetary relief sought pursuant to Rule 8(a)(2). On 24 April 1995, defendant Loehr served notice upon plaintiff that defendant Loehr's motion for discovery scheduling conference would be heard on 6 June 1995. Further, on 24 May 1995, defendant Loehr served notice upon plaintiff that his motion to compel discovery would also be heard on 6 June 1995. Defendants Thompson and Durham Plastic Surgery Associates also notified plaintiff that a hearing was set for 6 June 1995 pertaining to their motion to dismiss for plaintiff's failure to respond to defendants' request for a statement of monetary relief sought.

On 6 June 1995, plaintiff appeared without counsel and orally moved to continue the hearing on "the sole basis that she wanted additional time to consult with counsel concerning the case." The trial court denied plaintiff's motion and defendant Loehr then orally moved to dismiss plaintiff's action due to her failure to respond to his request for a statement of monetary relief sought. On 7 June 1995, the trial court granted defendant Loehr's motion to dismiss.

Plaintiff appeals.

*Grover C. McCain, Jr., for plaintiff-appellant.*

*Young, Moore and Henderson, P.A., by David P. Sousa, for defendant-appellee Walter J. Loehr, M.D.*

EAGLES, Judge.

Plaintiff first argues that the trial court erred in dismissing plaintiff's action for failing to file a statement of monetary relief sought. Plaintiff argues that no request for a statement of monetary relief sought was ever filed with the court and that, absent the filing, the trial court could not properly grant defendant Loehr's motion to dismiss. We agree.

Rule 5(d) governs the filing of documents with the court and states in pertinent part that:

> All pleadings subsequent to the complaint shall be filed with the court. All other papers required to be served upon a party, including requests for admissions, shall be filed with the court either before service or within five days thereafter, except that depositions, interrogatories, requests for documents, and answers and responses to those requests may not be filed unless ordered by the court or until used in the proceeding.

G.S. 1A-1, Rule 5(d) (1991). This statutory language creates a general rule in favor of filing, subject to limited exceptions for discovery documents. G.S. 1A-1, Rule 5(d) cmt. (1985). Under the statutory language of Rule 5(d), the threshold question is whether a paper must be served on a party. If it must be served, the paper also "*shall be filed with the court either before service or within five days thereafter . . . .*" G.S. 1A-1, Rule 5(d) (emphasis added). The plain language of Rule 5(d) is mandatory in this regard.

Rule 8(a)(2) provides the authority for a party to request from plaintiff a statement of monetary relief sought.

> [A]t any time after service of the claim for relief, any party may request of the claimant a written statement of the monetary relief sought, and the claimant shall, within 30 days after such *service*, provide such statement . . . . Such statement may be amended in the manner and at times as provided by Rule 15.

G.S. 1A-1, Rule 8(a)(2) (1989) (emphasis added). No elaborate methods of statutory construction are necessary here, as it is clear that a request for a statement of monetary relief sought must be served upon the claimant. The statutory service requirement provides not only notice, but a benchmark from which the 30 day response period may be calculated. Accordingly, having determined that a request for a statement of monetary relief sought must be served, we conclude that the request must also be filed with the court unless it can be shown to be a discovery document of the type specifically excepted in Rule 5(d).

We hold that a request for a statement of monetary relief sought cannot be considered a discovery document of the type specifically excepted in Rule 5(d). The only documents not subject to the Rule 5(d) filing requirement are "depositions, interrogatories, requests for documents, and answers and responses to those requests . . . ." G.S.

1A-1, Rule 5(d). The statute contains no other inclusive language in conjunction with the specifically identified discovery devices.

"[D]epositions, interrogatories, requests for documents and answers and responses to those requests . . ." are all covered by Article 5 of Chapter 1A, which Article is entitled "Depositions and Discovery." A request for a statement of monetary relief sought, however, is found under Chapter 1A, Article 3 entitled "Pleadings and Motions." Moreover, as we have stated, Rule 8(a)(2) provides the specific authority for this type of request and Rule 8 is entitled "General rules of pleadings." Rule 8(a)(2) also cross-references Rule 15 with regard to the time and manner in which a complainant may amend a statement of monetary relief sought. Rule 15, of course, governs "Amended and supplemental pleadings." Accordingly, we conclude that a request for a statement of monetary relief sought is not a discovery document excluded from the filing requirement of Rule 5 and is therefore a paper that must be filed with the court either before service or within five days thereafter.

We hold that the trial court erred in dismissing plaintiff's claim for failure to respond to defendant Loehr's request for a statement of monetary relief sought. Accordingly, this cause is reversed and remanded to the Superior Court for proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges WYNN and SMITH concur.